**Case No. 25-13900**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

WENDY MIKELL,

*Plaintiff-Appellant*

v.

POSTMASTER GENERAL, U.S. POSTAL SERVICE,

*Defendant-Appellee*

## APPELLANT'S OPENING BRIEF

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA, WAYCROSS DIVISION
DISTRICT COURT NO. 5:24-CV-00039

Brent J. Savage
Georgia Bar No. 627450
Matthew R. Bradley
Georgia Bar No. 835095
SAVAGE & TURNER, P.C.
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140

*Attorneys for Plaintiff-Appellant Wendy Mikell*

Case No. 25-13900
Wendy Mikell v. Postmaster General, U.S. Postal Service

## **CERTIFICATE OF INTERESTED PERSONS**
## **AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to 11th Cir. R. 26.1-1, the undersigned counsel of record for

Appellant certifies that the following is a full and complete list of all trial judges,

attorneys, persons, associations of persons, firms, partnerships, or corporations

(including subsidiaries, conglomerates, affiliates, parent corporations, publicly

held corporations that own 10% or more of a party's stock, and other identifiable

legal entities related to a party) that have an interest in the outcome of this case:

1.    Bradley, Matthew Richard

2.    Cheesbro, Hon. Benjamin W.

3.    DeJoy, Louis

4.    Heap, Margaret E.

5.    Leithart, Otto Woelke

6.    Mikell, Wendy

7.    Postmaster General, U.S. Postal Service

8.    Savage, Brent, Sr.

9.    Stuchell, James C.

10.    Tulino, Doug

11.    Wood, Hon. Lisa Godbey

To the best of Plaintiff-Appellant's knowledge, no other publicly traded company or corporation has an interest in the outcome of this case or appeal.

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Rules 34(a)(1) of the Federal Rules of Appellate Procedure, and Rule 34-3(c) of the Eleventh Circuit Rules of Appellate Procedure, and 11th Cir. R. 28-1(c), Plaintiff-Appellant submits that oral argument is not necessary for this matter. The facts pertinent to the present issue and the applicable legal arguments may be adequately presented in the briefs and the record. The Court's decisional process would not be significantly aided by oral argument.

# TABLE OF CONTENTS

Certificate of Interested Persons......................................................................C-1

Statement Regarding Oral Argument.....................................................................i

Table of Citations..............................................................................................iii

Statement of Jurisdiction ....................................................................................v

     A.    Basis for District Court Subject Matter Jurisdiction...........................v

     B.    Basis for the Eleventh Circuit Court of Appeals Jurisdiction..............v

     C.    Filing Dates Establishing Timeliness of Appeal..................................v

Statement of the Issues.........................................................................................1

Statement of the Case...........................................................................................1

     A.    Statement of the District Court Proceedings........................................2

     B.    Statement of the Facts...........................................................................3

     C.    Statement of the Standard of Review....................................................6

Summary of the Argument.....................................................................................7

Argument and Citation of Authority......................................................................8

     A.    The April 2022 Actions are Properly Incorporated into Appellant's

           Claim of a Hostile Work Environment..................................................8

     B.    Appellant has Sufficiently Alleged a Claim of Discrimination in

           Creating a Hostile Work Environment.................................................12

i

C.    USPS's Letters Requiring Appellant to Return to Work or be

Terminated Support her Claims Standing Alone ...............................16

Conclusion....................................................................................................17

# TABLE OF CITATIONS

**Cases**

AMTRAK v. Morgan,
536 U.S. 101 (2002) ....................................................................7, 10, 11

Bell v. Ala. Dep't of Human Res.,
2017 U.S. Dist. LEXIS 86452 (N.D. Ala. Jun. 6, 2017)...............................16

Chambless v. Louisiana-Pacific Corp,
481 F.3d 1345 (11th Cir. 2007)..............................................................11, 12

Chaparro v. Carnival Corp.,
693 F.3d 1333 (11th Cir. 2012)......................................................................6

Cisson v. Lockheed-Georgia Co.,
392 F. Supp. 1176 (N.D. Ga. 1975).................................................................8

Faragher v. City of Boca Raton,
524 U.S. 775 (1998)......................................................................................15

Fernandez v. Trees, Inc.,
961 F.3d 1148 (11th Cir. 2020).....................................................................13

Glover v. Donahoe,
2014 U.S. Dist. LEXIS 138581 (N.D. Ala. Sep. 29, 2024).........................13

Griffin v. S. CO. Servs.,
635 Fed. Appx. 789 (11th Cir. 2015)...............................................................6

Harris v. Forklift Sys.,
510 U.S. 17 (1993)........................................................................................14

Lincoln v. Board of Regents,
697 F.2d 928 (11th Cir. 1983)......................................................................14

Marshall v. Weston Outpatient Surgical Ctr., Ltd.,
    2023 U.S. Dist. LEXIS 140724 (S.D. Fla. Aug. 11, 2023)...........................13

McDonald v. Santa Fe Trail Transp. Co.,
    427 U.S. 273 (1976)....................................................................................13

Morris v. Emory Clinic, Inc.,
    402 F.3d 1076 (11th Cir. 2005).................................................................14

Robinson v. Regions Fin. Corp.,
    242 F. Supp. 2d 1070 (M.D. Ala. 2003).......................................................8

Schoenfeld v. Babbitt,
    168 F.3d 1257 (11th Cir. 1999).............................................................13, 14

Stroud v. Delta Airlines, Inc.,
    392 F. Supp. 1184 (11th Cir. 1975).............................................................8

Swindle v. Jefferson County Comm'n,
    593 Fed. Appx. 919 (11th Cir. 2014)...............................................12, 15, 16

Williams-Evans v. Advance Auto Parts,
    843 Fed. Appx. 144 (11th Cir. 2021)..........................................................16

**Federal Statutes**

28 U.S.C. § 1291...................................................................................................v

42 U.S.C. § 1331...................................................................................................v

42 U.S.C. § 2000e..............................................................v, 1, 2, 3, 8, 15 ,16

## STATEMENT OF JURISDICTION

### A.    Basis for District Court's Subject Matter Jurisdiction

Appellant Wendy Mikell brings this instant action for violations of 42 U.S.C. § 2000e et seq.  Thus, the District Court had subject matter jurisdiction under 28 U.S.C. § 1331 due to the presence of a federal question.

### B.    Basis for the Eleventh Circuit Court of Appeal's Jurisdiction

Appellate jurisdiction over this action is proper pursuant to 28 U.S.C. § 1291, and this appeal arises from a final order.

### C.    Filing Dates Establishing Timeliness of Appeal

The district court granted the Appellee's Motion to Dismiss on September 30, 2025.  R-42[1] (Order). Judgment was entered on October 1, 2025.  R-43 (Judgment).  Appellant filed her notice of appeal within thirty (30) days of the entry of judgment, on October 30, 2025, as required by Fed. R. App. P. 4(a). (R-44).

---

[1] Pursuant to Eleventh Circuit Rule 28-5, Plaintiff-Appellant states that this principal brief and any others she will file will use the following format: R-[district court docket number] (abbreviated name of the document, if needed for context) at [page number(s) in the header generated by the district court's electronic filing system].

v

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

This appeal presents three issues:

(1)     Did the Court err in finding that the earliest claims contributing to Appellant's action for a hostile work environment are time-barred?

(2)     Did the Court err in finding that the unquestioned timely acts contributing to Appellant's claim of a hostile work environment are ?

(3)     Did the Court err is dismissing Appellant's claim for a hostile work environment given the alleged acts comprising the claim?

## STATEMENT OF THE CASE

This appeal arises from a civil tort action brought under 42 U.S.C. § 2000e et seq by Plaintiff-Appellant Wendy Mikell.  R-33 (Second Amended Complaint). Prior to April 14, 2022, Appellant served as the Postmaster of the United States Postal Service (hereinafter "USPS") for its office located in Alma, Georgia with a stellar records.  Id.  Beginning in April of 2022, however, new management and authority entered the fray - with an agenda to "stick to their own kind" - which necessarily excluded Appellant.  Id. at p. 9.

Appellant was subjected to physical and verbal threats, received no redress from her immediate supervisor, and was eventually punished herself for not "fitting in."  Id.  Appellant, an older, white woman, was ostracized as an outsider

to the younger black male regime taking shape in the USPS Alma Post Office in the ensuing years.  Appellant was wrongfully suspended, investigated, relocated, and forced between choosing to either work under duress and in fear of bodily harm or lose her job and all related benefitted benefits she had earned over the course of her decades-long career.

This pattern of continued and pervasive discrimination has led to Appellant remaining out of work with the entirety of her benefits at risk.   A situation in which she should be afforded protection from pursuant to 42 U.S.C. § 2000e et seq.

### A.    Statement Of District Court Proceedings

On June 6, 2024, Appellant filed suit the District Court in the Southern District of Georgia's Waycross division for violations of violations of 42 U.S.C. § 2000e et seq.  R-1 (Complaint).  Appellant first amended her Complaint on October 4, 2024 to include evidence of continued harassment by the USPS and further detailing her February 1, 2024 EEOC Complaint and March 7, 2024 Right to Sue Letter.  R-15 at pp. 2-3 (Amended Complaint); R-15-1 (March 7, 2024 EEOC Complaint); R-15-2 (Right to Sue Letter).

Appellee moved to dismiss the Amended Complaint on October 18, 2024. R-20 (Motion to Dismiss Amended Complaint).  The district court denied this

motion and instructed Appellant to file a Second Amended Complaint to clarify the charge raised and background of EEOC actions relevant to this action.  R-32 (Order Denying Motion to Dismiss as moot).

Appellant then filed her Second Amended Complaint on March 5, 2025.  R-33 (Second Amended Complaint).  Appellee again moved to dismiss (R-34 (Motion to Dismiss Second Amended Complaint)), which the court granted on September 30, 2024.  R-42 (Order Granting Motion to Dismiss).  The court then made such an order the judgment of the Court on October 1, 2025.  R-43 (Judgment).

Appellant then filed her Notice of Appeal on October 30, 2025.  R-44 (Notice of Appeal).

This appeal is now properly before this Court.

**B.      Statement of the Facts**

This appeal arises from a civil tort action brought under 42 U.S.C. § 2000e et seq by Plaintiff-Appellant Wendy Mikell.  R-33 (Second Amended Complaint). Prior to April 14, 2022, Appellant served as the Postmaster of the United States Postal Service (hereinafter "USPS") for its office located in Alma, Georgia.  Id. at p. 3. On April 14, 2022, Marlon Burton, an employee of the USPS serving a city carrier, verbally threatened and promised to cause harm to Appellant.  Id.

Appellant brought this matter to the attention of her supervisor, Nicholas James, though he paid the matter no attention.  Id.  Mr. James lack of action led to a post inspector becoming involved - forcing Mr. James to respond in some way.  Id.  Mr. James effectively suspended Mr. Burton by placing him on "emergency placement."  Id. at pp. 3-4.

Mr. James instructed Appellant to inform Mr. Burton of his suspension and advised her to have local law enforcement on the scene for her protection.  Id.

Following his removal from the Alma Office, Mr. Burton filed a complaint with USPS Human Resources, alleging that Appellant acted on her accord and intentionally embarrassed him by having him escorted of off the premises.  Id. at p. 4.  Despite knowing the report to be false, Mr. James then initiated an Initial Management Inquiry Process (hereinafter "IMIP") against Appellant for her suspension and removal of Burton.  Id.

These events culminated in a USPS "Threat Assessment Committee" meeting to investigate the events.  Id.  The committee ranked Mr. Burton as the highest possible threat, affirmed Mr. Burton's suspension, and directed Appellant to remove/terminate Burton from the Alma office.  Id.

At this same time, USPS human resources determined that Mr. James failed to follow proper procedures in launching the IMIP against Appellant and directed

him to halt and suspend such inquiry. Id. at pp. 4-5. Mr Burton did not in fact suspend the inquiry, but instead used it as a vehicle to gather false statements from other employees and pressure Appellant to resolve her disputed with Mr. Burton. Id. at p. 5.

Mr. James directed Appellant to contact Mr. Burton directly and advise him to return to work. Id. at p. 5. After pointing out that Mr. Burton had been terminated, Mr. James scolded Appellant and told her "I have not contacted you to debate this. Failure to follow my direct order can lead to your removal from the Postal Service." Id. Fearing for her livelihood, Appellant proceeded to contact Mr. Burton, who stated that he would return at his own convenience and it was Appellant learned she could not tell him what to do. Id.

Mr. Burton returned to the office on May 26, 2022, and almost immediately confronted Appellant - charging across the work floor toward her, stretching his hadn out into her face, and threatened that he knew how to handle things and intended on doing do once and for all. Id. Burton then cocked his hand back into a first and hurled it toward Appellant's face but stopping just short of contact. Id. at p. 6.

Appellant again reported to danger of the work place. Id. a p. 6. However, instead of addressing the aggressor, Appellant was suspended. Id. She was first

Page 5 of 18

told her suspension was for creating a hostile work environment, but when the formal paperwork was drafted, the listed reason was for an "altercation with city carrier." Id. Mr. Burton was not punished and has continued to work without any repercussions. Id.

Following this suspension, Appellant has not been able to return to work due to the hostile work environment. Id. However, she was reminded that Burton remained employed and aggressive towards her following a confrontation at a nearby ATM in September of 2023. Id. at p. 7.

Most recently, on January 25, 2024 and October 16, 2024, Plaintiff received threatening letters from the USPS directing her to either return to work with Burton, James, and their cohorts despite feeling unsafe, or be permanently removed and loss all of her benefits. Id. at pp. 8-9; R-33-4 (Potential Removal Letter).

## C. Statement of Standard of Review

This Court "review[s] de novo a district court's grant of a Rule 12(b)(6) motion for failure to state a claim, accepting the complaint's allegations as true and construing them in the light most favorable to the plaintiff." Griffin v. S. CO. Servs., 635 Fed. Appx. 789, 792 (11th Cir. 2015) (quoting Chaparro v. Carnival Corp., 693 F.3d 1333, 1335 (11th Cir. 2012)) (internal quotation marks omitted).

## SUMMARY OF THE ARGUMENT

The district court erred in ruling in favor of USPS.  First, the finding that the earliest events of the on-going scheme to remove Appellant from the USPS could not be considered as acts evidencing a hostile work environment due to timeliness is error.  The Supreme Court has directly addressed the issue of certain hostile work environment actions occurring long before a civil suit is brought, finding the claim "will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." AMTRAK v. Morgan, 536 U.S. 101, 122 (2002).

Relatedly, the court erred in finding the alleged actions to be too remote to and unrelated such that they cannot form the basis for a hostile work environment charge.  Again, binding precedent is clear that simply because each alleged action, standing along, could be actionable, "[a] hostile work environment claim is comprised of a series of separate acts that collectively constitute one unlawful employment practice.") (Citation and punctuation omitted).  Morgan, 536 U.S. at 117.

The court's final error was finding that the two (2) 2024 letters forcing Plaintiff to either capitulate to the hostility and abuse of the workplace or be fired did not evidence continued harassment, but "encourag[ed] work performance."  R-

Page 7 of 18

42 (Order Granting Motion to Dismiss) at p. 17.

## ARGUMENT AND CITATION OF AUTHORITY

### A.    The April 2022 Actions are Properly Incorporated into Appellant's Claim of a Hostile Work Environment

"'[A] discriminatory policy or practice, if continuing in nature, may be redressed regardless of whether or not there was a timely filing of an EEOC charge subsequent to a specific act. . . .' This is an accurate statement of the law[.]" Stroud v. Delta Airlines, Inc., 392 F. Supp. 1184, 1189 (11th Cir. 1975).  "[C]ourts considering Title VII matters have uniformly held that 'claims which may be classified as arising from continuing discrimination [are] not subject to strict limitation under the Title VII filing requirements'" Id. (Quoting Cisson v. Lockheed-Georgia Co., 392 F. Supp. 1176 (N.D. Ga. 1975) (punctuation omitted)).  The rule for when such strict filing requirements do not apply has been summarized by this court:

> In order for past acts to give rise to present claims, they must be continuing in the sense that they have **a present impact on defendant's employment practices**. It is the present, continuing, adverse effects flowing from the prior policies and practices that give rise to an action for violation of Title VII, and not the prior acts themselves.

Stroud, 392 F. Supp. at 1189 (1975). (Emphasis added).  (See Robinson v. Regions Fin. Corp., 242 F. Supp. 2d 1070, 1076 (M.D. Ala. 2003), holding

connected incidents of a discriminatory pattern/practice "would allow [plaintiff] to avoid the requirement that an EEOC charge be filed within 180 days of the alleged discriminatory act.")

Appellant has sufficiently alleged a pattern and/or practice of discrimination in the creation of a hostile work environment dating back to April 14, 2022 when Plaintiff was first promised harm by Defendant's employee and was left unprotected. R-33 (Second Amended Complaint) at p. 3 She was threatened, sought redress via her supervisor Mr. James, and was denied assistance or protection. Id.  In response to her reporting the threat, Mr. James using human resources to wrongfully investigate her conduct - even refusing to suspend or halt the fishing-expedition after direct instruction to do so. Id. at pp. 4-7.

Contrary to all reason, Appellant's primary abuser, Mr. Burton, was directed to return to work, **despite being labeled the highest possible threat to Plaintiff specifically**, and Appellant was threatened with termination if she objected. Id. Then, after being physically threatened again in her work environment, she was suspended. Id.

Since then, Plaintiff has again been threatened by her aggressor (id. at p. 7), and has twice been was directed to return to work **despite the hostility of her work place not being remedied** or face termination. Id.

This has been, and continues to be, a concerted effort to remove Ms. Mikell from her position, violate her terms and conditions of employment, and strip her of her earned benefits of decades of employment for Appellee simply because she is white and does "fit in" with her supervisor and co-worker and they prefer to "stick to their own kind." Id. at pp. 6-11. She is clearly not welcome at the post office due to her race, age, and gender, and cannot work in the hostile environment without risking her life and health.

> The Supreme Court of the United States has ruled:
> Given . . . that the incidents constituting a hostile work environment are part of one unlawful employment practice, **the employer may be liable for all acts that are part of this single claim**. In order for the charge to be timely, the employee **need only file a charge within . . . 300 days of <u>any act</u> that is part of the hostile work environment**.")

Morgan, 536 U.S. at 118 (2002) (emphasis added).  In this case, some actions, such as her directive to return to the hostile post office and her letter of termination, occurred as recently as October of 2024. R-33-4 (Potential Termination Letter).

Additionally, the Supreme Court has clearly and unequivocally stated: "[a] charge alleging a hostile work environment claim, however, will not be time barred so long as all which constitute a claim are part of the same unlawful employment practice and at least one act falls within the time period." Morgan,

536 U.S. at 122 (2002). The Court further found:

> It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.

Id. at 117.

Even the Morgan dissent, though in disagreement, acknowledges that the ruling provides a blanket rule preventing claims of this nature to be time barred. (See id. (dissent, J. O'Conner) at 128 "plaintiffs may recover for exposure to a hostile environment whose time has long passed simply because the hostile environment has continued into the charge-filing period.")

The 11th Circuit has likewise analyzed such hostile work environment claims. (See Chambless v. Louisiana-Pacific Corp, 481 F.3d 1345, 1350 (11th Cir. 2007) ("Where a discrete act is sufficiently related to a hostile work environment claim so that it may be fairly considered part of the same claim, it can form the basis for consideration of untimely, non-discrete acts that are part of the same claim.")

There is no dispute that Appellant filed this action within the applicable time period for her most recent adverse employment actions.  R-33 (Second

Amended Complaint); R- 33-1 (EEOC Complaint); R-33-2 (Right to Sue Letter); and R-33-4 (Potential Termination Letter).  Therefore, all claims contributing and relating to the present charge of a hostile work environment cannot be time-barred. They were raised in the operative EEOC Complaint, that complaint was timely, this lawsuit is timely pursuant to that complaint and letter (R-33-1 and 2 (EEOC Complaint and Right to Sue Letter), and pursuant to Morgan and its progeny, Appellant is entitled to have all of her claims heard in the context of her claim for a hostile work environment.

As one final note, even though some of the actions described in this action were subject to a previous EEOC complaint which would now, by themselves be untimely, given suit was not filed within ninety (90) days, the aforementioned timely acts "can form the basis for consideration of untimely, non-discrete acts that are part of the same claim." Chambless, 481 F.3d at 1350 (11th Cir. 2007). Stated differently, the timely discrete acts here save the untimely non-discrete (hostile work environment) acts as they are "the same type of discriminatory intimidation, ridicule, and insult that characterized the untimely allegations." Id.

> **B.     Appellant has Sufficiently Alleged a Claim of Discrimination in Creating a Hostile Work Environment**

"Title VII protects an employee from having to endure a hostile work

environment that is the product of unlawful harassment." Swindle v. Jefferson County Comm'n, 593 Fed. Appx. 919, 923 (11th Cir. 2014) (citing Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)). To state a claim for a hostile work environment on the basis of race discrimination under Title VII, a plaintiff must allege:

> (1) that [she] belongs to a protected class; (2) [she] has been subject to unwelcome harassment; (3) the harassment was based on [her] race; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive work environment; and (5) a basis exists for holding the employer liable for the harassment.

Marshall v. Weston Outpatient Surgical Ctr., Ltd., 2023 U.S. Dist. LEXIS 140724, at *5 (S.D. Fla. Aug. 11, 2023) (citing Fernandez v. Trees, Inc., 961 F.3d 1148, 1153 (11th Cir. 2020)).

Appellant has adequately shown that she is a member of a protected class in this instance on the basis of her race and/or gender. R-33 (Amended Complaint) at p.10, "[Appellant], although traditionally party of a majority group, is part of a protected class in this instance, where she was a different race from her superiors and complaining co-worker, and she faced disparate treatment as a result." This assertion is also supported by case law. (See Glover v. Donahoe, 2014 U.S. Dist. LEXIS 138581, *13 (N.D. Ala. Sep. 29, 2024), "[a]lthough Glover, as a white

male, is not a member of a traditionally protected class, **the protections of Title VII are not limited to members of minority groups**. (Emphasis added); McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 278-79 (1976), "Title VII of the Civil Rights Act of 1964 prohibits the discharge of 'any individual' because of 'such individual's race' . . . Its terms are not limited to discrimination against members of any particular race."; Schoenfeld v. Babbitt, 168 F.3d 1257, 1268 (11th Cir. 1999) (recognizing that a white male was a member of a protected class); Morris v. Emory Clinic, Inc., 402 F.3d 1076, 1082 (11th Cir. 2005); Lincoln v. Board of Regents, 697 F.2d 928 (11th Cir. 1983)).

Further, Appellant has shown that she has been subjected to unwelcome harassment, i.e. suspensions, physical threats, verbal threats, threatened termination, etc. The Second Amended Complaint clearly states facts that the basis of this harassment and discrimination was on account of her race - being told she does not "fit in" and her supervisor and co-workers preferred to "stick to their own kind." R-33 at pp. 4-7.

As for the forth prong, whether an environment is "hostile" or "abusive" can be determined "by looking at all the circumstances, which may include the **frequency of the discriminatory conduct**; its severity; whether it is **physically threatening** or humiliating, or a mere offensive utterance; and whether it

unreasonably interferes with an employee's work performance." Harris v. Forklift Sys., 510 U.S. 17, 18 (1993).  Appellant has been continually discriminated against and harassed since April 14, 2022.  She has suffered adverse employment actions that have altered the terms and conditions of her employment.  She has been placed on "Emergency Placement," unfairly and improperly "investigated" for simply reporting the harassment she was enduring, physically threatened, verbally threatened (both with violence and termination), and she was forced to endure a hostile work environment because her harasser/abuser was "of the kind" of her supervisor - African American.  The discrimination was pervasive as it matriculated through an employee below her, Mr. Burton, to her direct supervisor Mr. James, to managers of post office operations, Sonya Miley and Don Johnson, and recently up to a district manager in Avinesh Kuma. Id. R-33 and 33-4.

Appellant also satisfies the fifth and final prong.  A basis exists in law to hold Defendant liable for the harassment and hostile work environment.  In an examining a Title VII case, the 11th Circuit has noted that "[a]n employer is liable to employee for a hostile work environment created by a supervisor." Swindle, 593 Fed. Appx. at 923 (11th Cir. 2014) (citing Faragher v. City of Boca Raton, 524 U.S. 775, 807 (1998).

**C.      USPS's letters requiring Appellant to Return to Work or be Terminated Support her Claims Standing Alone**

Even taking USPS's arguments as true that Appellant's only claim that can be considered is the forced directive to return to work or face termination that occurred in January and October 2024, Appellant's Second Amended Complaint would still not warrant dismissal. "Title VII protects an employee from having to endure a hostile work environment that is the product of unlawful harassment." Swindle v. Jefferson County Comm'n, 593 Fed. Appx. 919, 923 (11th Cir. 2014). Thus, forcing Appellant to endure that environment or otherwise be terminated is expressly protected by Title VII.

The 11th Circuit has held that threats of termination can be considered adverse employment actions depending on the circumstances of the threat.  (See Williams-Evans v. Advance Auto Parts, 843 Fed. Appx. 144, 149 (11th Cir. 2021); Bell v. Ala. Dep't of Human Res., 2017 U.S. Dist. LEXIS 86452, *8 (N.D. Ala. Jun. 6, 2017), "the threat of a suspension, demotion, or termination in the charge letter (Cit.), when considered in conjunction with the alleged verbal threat to terminate Appellant unless she resigned, could constitute an adverse action under the retaliation provisions of Title VII.")

Appellant here likewise faces threats should she choose to return to work

and not resign/allow herself to be terminated.  These are physical threats which have already been shown to directly and negatively affect her physical and mental health.  R-33-3 (State Court Order finding Burton Liable). The timing of the subject letters is also suspect in the context of Title VII.  The January Letter was signed and sent to Appellant just days before her EEO Complaint were due. R-33 (Second Amended Complaint) at p. 9.

Appellant's choices are limited by Appellee - be fired, which is undoubtedly an adverse employment action, or return to the hostile work environment, again a clear adverse employment action

## **CONCLUSION**

For the reasons stated herein, this Court should reverse the District Court's grant of Defendant-Appellee's Motion to Dismiss.

Signature and certificate pages follow.

Signature Page
Plaintiff-Appellant Wendy Mikell submits this brief on January 9th, 2026.

**SAVAGE & TURNER, P.C.**

By:    /s/ ***Brent J. Savage***
Brent J. Savage
Georgia Bar No. 627450
Matthew R. Bradley
Georgia Bar No. 835095

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
bsavage@savagelawfirm.net; lhatcher@savagelawfirm.net
mbradley@savagelawfirm.net
*Attorneys for Appellant*

Certificate of Compliance Page

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32 (a)(7)(B) because this brief contains a total of 4,045/13,000 words, excluding the parts of the brief exempted by Fed. R. App. P. 32 (f) and 11th Cir. R. 32-4.

This brief also complies with the typeface requirements of Fed. R. App. P. 32 (a)(5) and the type style requirements of Fed. R. App. P. 32 (a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word with size 14 Times New Roman font.

This certification is made on January 9, 2026.

**SAVAGE & TURNER, P.C.**

By:    /s/ ***Brent J. Savage***
       Brent J. Savage
       Georgia Bar No. 627450

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
bsavage@savagelawfirm.net; lhatcher@savagelawfirm.net

Certificate of Service Page
## CERTIFICATE OF SERVICE

I hereby certify that this 9th day of January, 2026, I caused a copy of the

foregoing Brief of Appellant to be served by first class mail and electronic mail on

each of the following counsel, who have entered their appearance in this appeal:


James C. Stuchell
Kyle P. McCauley
james.stuchell@usdoj.gov
Kyle.P.Mccauley@usps.gov
*Attorneys for Appellee Postmaster General, U.S. Postal Service*

THIS THE  9TH  DAY OF JANUARY , 2026.

**SAVAGE & TURNER, P.C.**

By:    /s/ ***Brent J. Savage***
Brent J. Savage
Georgia Bar No. 627450
Matthew R. Bradley
Georgia Bar No. 835095

102 East Liberty Street, 8th Floor
Post Office Box 10600
Savannah Georgia 31412
Phone:  (912) 231-1140
bsavage@savagelawfirm.net; lhatcher@savagelawfirm.net
mbradley@savagelawfirm.net
*Attorneys for Appellant*