**Case No. 25-13900**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

WENDY MIKELL,

*Plaintiff-Appellant*

v.

POSTMASTER GENERAL, U.S. POSTAL SERVICE,

*Defendant-Appellee*

## PLAINTIFF-APPELLANT'S REPLY BRIEF

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA, WAYCROSS DIVISION
DISTRICT COURT NO. 5:24-CV-00039

Brent J. Savage
Georgia Bar No. 627450
Tania D. Groover
Georgia Bar No. 127947
SAVAGE & TURNER, P.C.
Post Office Box 10600
Savannah, Georgia  31412
(912) 231-1140

*Attorneys for Plaintiff-Appellant Wendy Mikell*

# **TABLE OF CONTENTS**

Table of Citations ……………………………………………………………ii

Summary of Argument…………………………………………………………..1

Argument……………………………………………………………...……2

A.    The District Court Erred in Finding that the Claims in Appellant's First EEO Complaint Are Time-Barred Because Appellant Raised a Hostile Work Environment Claim and the April 2022 Actions Are Part of the Same Claim………………………………………………………………..2

B.    The District Court Erred in Finding that the Untimely Acts Raised in Appellant's Second EEO Complaint Are Not Sufficiently Related to the Timely Acts to Form a Hostile Work Environment Claim Because All Discriminatory Actions Taken Together Reflect a Pattern of Hostility Extending into the Limitations Period…………………7

C.    The District Court Erred in Finding that the Timely Acts Raised in Appellant's Second Amended Complaint Do Not State a Hostile Work Environment Claim Because the Court Failed to Consider the Untimely Acts that Form Part of the Claim and Failed to Evaluate All Discriminatory Acts Cumulatively…………………………..9

Conclusion……………………………………………………………...…13

Certificate of Compliance and Service …………………………………...14

i

## Table of Citations

**Cases**

Nat'l RR Passenger Corp. v. Morgan,
    536 U.S. 101, 115 (2002)……………………………………2, 3, 6, 7, 8, 10, 12

Dowdell v. Sunshine Biscuits, Inc.,
    90 F.R.D. 107, 116 (M.D. Ga. 1981)…………………………………...4, 5

Washington v. Washington Metro. Area Transit Auth.,
    No. 21-7055, 2022 WL 2387525, at *5, n. 2 (D.C. Cir. July 1, 2022)………4

King v. Ford Motor Co.,
    872 F.3d 833, 839 (7th Cir. 2017)…………………………………………...4

Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc.,
    748 F.3d 387, 388 (1st Cir. 2014)…………………………………………4,5

Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.,
    465 F.3d 1184, 1186 (10th Cir. 2006)…………………………………..4

Spears v. Mo. Dep't of Corrs. & Human Res.,
    210 F.3d 850, 852 (8th Cir. 2000)…………………………………………...4

Lo v. Pan Am. World Airways, Inc.,
    787 F.2d 827, 827 (2d Cir. 1986)…………………………………………4,5

Loubriel v. Fondo del Seguro del Estado,
    694 F.3d 139, 144 (1st Cir. 2012)…………………………………………6

Wade v. Knoxville Utilities Bd.,
    259 F.3d 452, 460 (6th Cir. 2001)…………………………………………...6

Chambless v. Louisiana-Pacific Corp,
    481 F.3d 1345, 1349–50 (11th Cir. 2007)………………………………..7, 12

Harris v. Pub. Health Tr. of Miami-Dade Cnty.,
    82 F.4th 1296, 1302 (11th Cir. 2023)………………………………………10

Fernandez v. Trees, Inc.,
        961 F.3d 1148, 1153 (11th Cir. 2020)…………….…………………10

Harris v. Forklift Sys. Inc.,
        510 U.S. 17, 22 (1993)……………………………………………..10

Whipple v. Reed Eye Assocs.,
        524 F. Supp. 3d 76, 90 (W.D.N.Y. 2021)……………………………10, 11

Reeves v. C.H. Robinson Worldwide, Inc.,
        594 F.3d 798, 808 (11th Cir. 2010)………………………………………11

Domigan v. B & R Indus. Automation Corp.,
        2025 U.S. Dist. LEXIS 44831, 2025 LX 155198, at *21–22
        (N.D. Ga. Mar. 12, 2025)……………………………………………...11

DeHotman v. N.H. Dep't of Corr.,
        2005 U.S. Dist. LEXIS 40937, at *12–13 (D.N.H. June 3, 2005)…………12

Gowski v. Peake,
        682 F.3d 1299, 1312 (11th Cir. 2012)……………………………………12

**Federal Statutes**

42 U.S.C. § 2000e *et seq* …………………………………………………..2

42 U.S.C. § 2000e-5(e)(1)…………………………………………………3

42 U.S.C. § 2000e-5(f)(1)…………………………...…………………...3

## **<u>SUMMARY OF THE ARGUMENT</u>**

The district court erred in concluding that the claims in Appellant's first EEO complaint are time-barred. Appellant raised a hostile work environment claim, which is comprised of a series of separate acts that collectively constitute a single unlawful employment practice. Appellant did not attempt to revive time-barred claims to evade the 90-day filing requirement by filing a second EEO complaint. Rather, the nature of a hostile work environment claim requires courts to consider all component acts, even when some fall outside the statutory time period.

The untimely acts raised in Appellant's second EEO complaint are sufficiently related to the timely acts to form a hostile work environment claim. The district court erred by treating factors such as the identity of supervisors as rigid requirements rather than as part of a holistic analysis. The proper inquiry is whether the timely discriminatory actions are part of a single, ongoing pattern of hostility affecting the conditions of employment.

Appellee fails to consider all the discriminatory acts cumulatively and in the totality of the circumstances. The ATM incident and the 2024 letters are part of a series of the acts that together constitute a hostile work environment claim.

This Court should reverse the district court's dismissal of Appellant's claims.

## ARGUMENT

**A.    The District Court Erred in Finding that the Claims in Appellant's First EEO Complaint Are Time-Barred Because Appellant Raised a Hostile Work Environment Claim and the April 2022 Actions Are Part of the Same Claim.**

Hostile work environment claims differ in kind from other forms of discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq. Nat'l RR Passenger Corp. v. Morgan, 536 U.S. 101, 115 (2002) (explaining that hostile work environment claims involve repeated conduct, and in direct contrast to discrete acts, a single act of harassment may not be actionable on its own). "A hostile work environment claim is comprised of a series of separate acts that collectively constitute one unlawful employment practice." Id. at 117 (citation omitted). Therefore, "the incidents comprising a hostile work environment are part of one unlawful employment practice, [and] the employer may be liable for all acts that are part of this single claim." Id. at 118.

The Supreme Court further addressed situations in which some component acts fall outside the statutory filing period:

"It does not matter, for purposes of the statute, that some of the component acts of the hostile work environment fall outside the statutory time period. Provided that an act contributing to the claim occurs within the filing period,

the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." Id. at 117.

Appellant filed a single hostile work environment claim, which was timely filed for her most recent adverse employment actions. R-33 (Second Amended Complaint); R- 33-1 (EEOC Complaint); R-33-2 (Right to Sue Letter); and R-33-4 (Potential Termination Letter). Accordingly, the April 2022 actions, as part of the same claim, are not barred by the 90-day filing requirement under Title VII. Id.

Appellee attempts to avoid Morgan by arguing that it applies to the EEOC charge-filing deadline under § 2000e-5(e)(1), rather than the 90-day filing requirement under § 2000e-5(f)(1). This argument misunderstands Morgan. Morgan's holding is not limited to a particular procedural deadline. Instead, it defines the scope of a hostile work environment claim, which by nature encompasses the entire course of conduct once any part of that practice is timely.

Appellee further contends that Appellant attempts to revive time-barred claims to evade the 90-day filing requirement by filing a duplicative claim. That argument is untenable. First, Appellant alleges a single hostile work environment comprised of a series of related acts that collectively constitute one unlawful employment practice. Because the claim is unified, earlier acts are not "revived." They are part of the same claim. Morgan, 536 U.S. at 118 ("The statute does not

3

separate individual acts that are part of the hostile environment claim from the whole for the purposes of timely filing and liability.")

Second, none of the cases cited by Appellee to support the revival theory involves a hostile environment claim. Each instead addresses discrete acts of discrimination, which are distinguishable from this case. See Dowdell v. Sunshine Biscuits, Inc., 90 F.R.D. 107, 116 (M.D. Ga. 1981), aff'd 673 F.2d 1343 (11th Cir. 1982) (addressing claims of race-based disparate treatment in discrete employment actions rather than a hostile work environment claim based on cumulative conduct); Washington v. Washington Metro. Area Transit Auth., No. 21-7055, 2022 WL 2387525, at *5, n. 2 (D.C. Cir. July 1, 2022) ("Ms. Washington cannot salvage earlier claims of discrimination on a continuing violation theory, as that doctrine applies to hostile work environment claims, [] whereas her claim is for wrongful termination."); King v. Ford Motor Co., 872 F.3d 833, 839 (7th Cir. 2017) (addressing untimely sexual harassment claims); Rivera-Diaz v. Humana Ins. of Puerto Rico, Inc., 748 F.3d 387, 388 (1st Cir. 2014) (addressing disability discrimination claims); Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch., 465 F.3d 1184, 1186 (10th Cir. 2006) (addressing discrete acts of discrimination and retaliation in hiring); Spears v. Mo. Dep't of Corrs. & Human Res., 210 F.3d 850, 852 (8th Cir. 2000) (addressing retaliation and constructive discharge claims); Lo v.

<u>Pan Am. World Airways, Inc.</u>, 787 F.2d 827, 827 (2d Cir. 1986) (addressing a charge of racial discrimination).

Third, Appellant's second EEO complaint is not merely a reiteration of prior allegations dating back to April 4, 2022, but includes new acts contributing to a single unlawful employment practice. <u>Cf.</u> <u>Dowdell</u>, 90 F.R.D. at 116 (finding that plaintiff has failed to show with respect to his own claim any specific instances of alleged discrimination occurring between the filing of the two charges); <u>Rivera-Diaz</u>, 748 F.3d at 388 (finding that the second charge covered the same time frame as the first charge, reiterated the original claim of disability discrimination, and twisted the claim to limn a claim for retaliation); and <u>Lo</u>, 787 F.2d at 827 (finding the second notice is concededly based upon a charge involving exactly the same facts as the first notice).

Accordingly, none of the cases cited by Appellee expressly prohibits consideration of prior acts, otherwise subject to the 90-day filing deadline, as part of a hostile environment claim. To exclude the discriminatory actions alleged in the first EEO complaint, Appellee argues that because the continuing theory does not relax the 90-day filing requirement, parts of a single hostile work environment claim must likewise be excluded if they fall outside that period. This argument, however, conflates distinct doctrines.

The cases relied on by Appellee address the continuing violation doctrine as an equitable tolling mechanism for administrative filing deadlines. See e.g., Loubriel v. Fondo del Seguro del Estado, 694 F.3d 139, 144 (1st Cir. 2012) (describing the continuing violation doctrine as an equitable exception designed to ensure that "meritorious discrimination claims are not pretermitted because the claimant needed to experience a pattern of repeated acts before she could be expected to realize that the individual acts were discriminatory in nature"); Wade v. Knoxville Utilities Bd., 259 F.3d 452, 460 (6th Cir. 2001) (holding that the continuing violation doctrine may serve to toll the statutory period within which to file a complaint with the EEOC).

Appellee characterizes Appellant's argument as invoking the continuing violation doctrine to toll the 90-day filing period. This is not Appellant's position. Although it may be true that the continuing violation doctrine, as an equitable tolling principle, does not extend the 90-day period for filing suit after a right-to-sue notice,[1] Appellant does not rely on equitable tolling. (Brief of Appellee) p. 18. n. 9. Rather, Appellant relies on Morgan, which defines a hostile work environment as a single unlawful employment practice composed of a series of related acts. 536 U.S. at 117. Under Morgan, the timeliness inquiry does not turn on whether earlier acts are independently actionable or whether the plaintiff recognized their discriminatory

---

[1] The cases cited by Appellee are from other circuits and therefore are not binding on this Court. Moreover, the Eleventh Circuit has not explicitly adopted the rule Appellee advances.

6

nature, but instead on whether the acts are part of the same actionable practice and whether at least one contributing act occurred within the actionable period.

Lastly, Morgan defines the scope of a hostile work environment claim. Nothing in Morgan suggests that such a hostile work environment must be artificially divided based on the issuance of a right-to-sue letter. Appellee argues that Title VII's time limitations would be rendered meaningless absent adverse consequence for failing to file suit within 90 days. But Appellee's approach would artificially fragment a single course of conduct into isolated incidents. Accepting that position would produce precisely the kind of artificial division that Morgan expressly rejected.

**B.     The District Court Erred in Finding that the Untimely Acts Raised in Appellant's Second EEO Complaint Are Not Sufficiently Related to the Timely Acts to Form a Hostile Work Environment Claim Because All Discriminatory Actions Taken Together Reflect a Pattern of Hostility Extending into the Limitations Period.**

Because hostile work environment claims continue to occur over time, the entire time period of the hostile environment may be considered for purposes of liability as long as an act relating to the claim occurred within the filing period. Chambless v. Louisiana-Pacific Corp, 481 F.3d 1345, 1349–50 (11th Cir. 2007) (citing Morgan, 536 U.S. at 117, 120). In determining whether timely acts can save non-timely acts, "[t]he pivotal question is whether the timely discrete acts are sufficiently related to the hostile work environment claim." Id. at 1350. In Morgan,

7

the Supreme Court observed that "the pre- and post-limitations period incidents involved the same type of employment actions, occurred relatively frequently, and were perpetrated by the same managers." 536 U.S. at 120–21.

The district court erred by treating factors such as the identity of supervisors as dispositive, rather than as part of a holistic analysis. The proper inquiry is whether the timely discriminatory acts are part of a single, ongoing pattern of hostility affecting the terms and conditions of employment.

Appellant plausibly alleged that the timely conduct arose from the same underlying workplace hostility and authority response. In 2022, when Appellant was threatened by Burton, she was denied protection by her supervisor and ordered under threat of termination to reinstate Burton. R-33 (Second Amended Complaint) p. 3. When Appellant reported continued threats, she was not protected but instead suspended. Id. at p. 6. These events established a hostile environment that was never remedied. In 2023, Burton again confronted Appellant, reinforcing that the threat remained unresolved. Id. at p. 7. In 2024, management continued the same course of conduct by directing Appellant to return to the same workplace or face termination, despite the prior incidents. Id. at pp. 8-9. Although different supervisors were involved at different times, each acted under the same policies that consistently refused to address the underlying threat and instead pressured Appellant to endure it.

This reflects a pattern of the hostile environment rather than a series of unrelated events.

Appellee's reliance on the passage of time between the acts is similarly misplaced. Temporal gaps do not defeat a hostile work environment claim where the earlier conditions persist, and the later acts reinforce the same threats. The unsafe workplace created in 2022 were never corrected. Appellant remained out of work because of those conditions, and the 2023 aggressive confrontation confirmed that returning to work would expose her to the same unsolved danger. Id. at p. 7. The 2024 letters directing Appellant to return to work further perpetuated the hostile environment by forcing Appellant to choose between unsafe workplace and loss of her employment as well as all of her benefits. Id. at pp. 8-9; R-33-4 (Potential Removal Letter)

Therefore, Appellant has sufficiently alleged facts showing a pattern or policy of discrimination extending from outside the period limitation into the period limitation, such that all acts forming part of that pattern may be considered as part of a single hostile work environment claim.

**C.    The District Court Erred in Finding that the Timely Acts Raised in Appellant's Second Amended Complaint Do Not State a Hostile Work Environment Claim Because the Court Failed to Consider the Untimely Acts that Form Part of the Claim and Failed to Evaluate All Discriminatory Acts Cumulatively.**

To establish a hostile work environment claim, "[t]he severe or pervasive requirement entails both an objective component [] and a subjective component." Harris v. Pub. Health Tr. of Miami-Dade Cnty., 82 F.4th 1296, 1302 (11th Cir. 2023) (quotation omitted). Turning to the objective inquiry, courts consider four factors: "(1) the frequency of the conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's job performance." Fernandez v. Trees, Inc., 961 F.3d 1148, 1153 (11th Cir. 2020) (citation omitted). This inquiry "is not, and by its nature cannot be, a mathematically precise test." Harris v. Forklift Sys. Inc., 510 U.S. 17, 22 (1993). Accordingly, "no single factor is required." Id. at 23.

Instead, whether the work environment is "hostile" or "abusive" must be determined by looking at **all the circumstances**. Id. (emphasis added); Morgan, 536 U.S. at 115 (recognizing that the hostile work environment claim is based on the cumulative effect of individual acts); Whipple v. Reed Eye Assocs., 524 F. Supp. 3d 76, 90 (W.D.N.Y. 2021) (explaining that a plaintiff may establish a hostile work environment either through a single extraordinarily severe incident or through a series of sufficiently continuous and concerted acts, reflecting a sliding scale between severity and frequency).

As discussed, Appellee's analysis is flawed because it excludes the untimely acts, which must be considered as part of Appellant's hostile work environment claim. See supra Parts A and B. In addition, Appellee improperly isolates each timely act, disregarding that hostile work environment claims must be evaluated cumulatively and in the totality of the circumstances. Reeves v. C.H. Robinson Worldwide, Inc., 594 F.3d 798, 808 (11th Cir. 2010) (en banc) (holding that the evidence regarding the objective inquiry of the hostile work environment must be viewed cumulatively and in the totality of the circumstances).

First, the ATM incident should be considered in a series of the acts that constitute the hostile work environment. Appellant argues that the ATM incident occurred off Postal premises and that Burton was off duty. However, a hostile work environment does not end at the workplace where the threat originates in the workplace and remains unsolved by the employer. See Whipple v. Reed Eye Assocs., 524 F. Supp. 3d 76, 90–91 (W.D.N.Y. 2021) ("[T]he Court may and will consider the incidents that occurred outside of [workplace], as they form part of the totality of the circumstances concerning whether a hostile work environment claim has been established."); Domigan v. B & R Indus. Automation Corp., 2025 U.S. Dist. LEXIS 44831, 2025 LX 155198, at *21–22 (N.D. Ga. Mar. 12, 2025) (recognizing that "the harassment occurs outside the workplace environment [] does not, by itself, necessarily insulate an employer from liability under Title VII") (citation omitted);

<u>DeHotman v. N.H. Dep't of Corr.</u>, 2005 U.S. Dist. LEXIS 40937, at *12–13 (D.N.H. June 3, 2005) (The conduct at the two parties is not excluded simply because it occurred outside of the workplace. "[C]ourts have not drawn a bright line between harassment that occurs in the workplace and harassment that continues outside of the workplace for purposes of considering a Title VII claim.") (citations omitted). Here, Appellant has identified sufficient facts from which to infer a nexus between Burton's hostile conduct and the workplace. Specifically, Appellee's failure to address the initial workplace threat enabled Burton's continued hostility, culminating in the 2023 ATM confrontation. R-33 (Second Amended Complaint) p. 7.

Second, the 2024 letters directing Appellant to return to work and later proposing a removal, although discrete incidents, may properly be considered as a part of the hostile work environment claim. <u>Gowski v. Peake</u>, 682 F.3d 1299, 1312 (11th Cir. 2012) (holding that termination is a discrete act, but the jury could consider discrete acts as part of a hostile work environment claim); <u>Morgan</u>, 536 U.S. at 117 (holding that a hostile work environment claim depends on a series of separate acts that collectively constitute one unlawful employment practice); <u>Chambless</u>, 481 F.3d at 1350 (holding that discrete acts sufficiently related to a hostile work environment claim can be considered as part of the same claim). The 2024 letters were not neutral administrative communications. Rather, they compelled Appellant to return to the

12

same unsafe workplace or face termination, thereby perpetuating and escalating the hostile work environment.

Accordingly, the district court erred in concluding that Appellant had not adequately pled a hostile work environment claim.

## **CONCLUSION**

For the reasons stated herein, this Court should reverse the District Court's grant of Defendant-Appellee's Motion to Dismiss.

Respectfully submitted,
**SAVAGE & TURNER, P.C.**

By: */s/ Tania D. Groover*
Tania D. Groover
Georgia Bar No. 127947
Brent J. Savage
Georgia Bar No. 627450

P.O. Box 10600
Savannah, Georgia 31412
Telephone (912) 231-1140
Facsimile (912) 232-4212
lhatcher@savagelawfirm.net
tgroover@savagelawfirm.net

## CERTIFICATE OF COMPLIANCE AND SERVICE

This reply brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface (14- point Times New Roman) using Microsoft Word.

This brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) because it contains 2,825 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and 11th Cir. R. 32-4.

This brief was filed today through this Court's ECF system and thereby served on counsel of record for the Postmaster General, Channell V. Singh and Kyle P. McCauley, at their Court-registered email addresses, pursuant to Fed. R. App. P. 25(c)(2), and 11th Cir. R. 25- 3(a).

This 8th day of April, 2026.

Respectfully submitted,
**SAVAGE & TURNER, P.C.**

By:  */s/ Tania D. Groover*
Tania D. Groover
Georgia Bar No. 127947
Brent J. Savage
Georgia Bar No. 627450

P.O. Box 10600
Savannah, Georgia 31412
Telephone (912) 231-1140
Facsimile (912) 232-4212
lhatcher@savagelawfirm.net
tgroover@savagelawfirm.net